UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

JOHN GAD ALLA,

                                     Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") BRIAN VERKAY (Shield
No. 2055), P.O. TANISHA DORSON (Shield No. 03481),
LIEUTENANT JOHN GANLEY, SERGEANT ("SGT.")
DOMAGOJ ANTICEV (Shield No. 14), P.O. ANSARI
KALIL (Shield No. 11189), SERGEANT PATRICK
HEALY, P.O.  JOHN DOE 1 through JOHN DOE 5 (the
name John Doe being fictitious, as their true names and
shield numbers are presently unknown), in their individual
and official capacities,

                                     Defendants.

----------------------------------------------------------------------- x

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS DOMAGOJ ANTICEV, ANSARI KALIL, AND PATRICK HEALY**

11-CV-0892 (FB)(RLM)

JURY TRIAL DEMANDED

           Defendants Domagoj Anticev, Ansari Kalil, and Patrick Healy, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the second amended complaint, respectfully allege, upon information and belief, as follows:

           1.      Deny the allegations set forth in paragraph "1" of the second amended complaint, except admit that plaintiff purports to bring this action as stated therein.

           2.      Deny the allegations set forth in paragraph "2" of the second amended complaint.

           3.      Deny the allegations set forth in paragraph "3" of the second amended complaint, except admit that plaintiff purports to seek damages as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the second amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the second amended complaint, except admit that a document purporting to be a notice of claim was received by the New York City Comptroller's office on or about September 20, 2010, and that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6.      Deny the allegations set forth in paragraph "6" of the second amended complaint, except admit that this matter has not been settled or adjusted.

7.      Deny the allegations set forth in paragraph "7" of the second amended complaint, except admit that plaintiff purports to base venue as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the second amended complaint.

9.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the second amended complaint.

10.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the second amended complaint.

11.     Deny the allegations set forth in paragraph "11" of the second amended complaint, except admit that the City of New York is a municipal corporation formed under the laws of the State of New York and maintains a Police Department and respectfully refers the Court to the City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

12.     Deny the allegations set forth in paragraph "12" of the second amended complaint, except admit that defendants Brian Verkay, Tanisha Dorson, John Ganley, Domagoj Anticev, Ansari Kalil, and Patrick Healy were employed by the City of New York as Police Officers at the time of the arrest, and that plaintiff purports to proceed as stated therein.

13.     Deny the allegations set forth in paragraph "13" of the second amended complaint, except admit that defendants Brian Verkay, Tanisha Dorson, John Ganley, Domagoj Anticev, and Ansari Kalil, are currently employed by the City of New York as Police Officers.

14.     Deny the allegations set forth in paragraph "14" of the second amended complaint, except admit that defendant Patrick Healy is retired and is no longer employed by the City of New York as a Police Officer.

15.     Deny the allegations set forth in paragraph "15" of the second amended complaint except admit that plaintiff purports to proceed as stated therein .

16.     State that allegations set forth in paragraph "16" of the second amended complaint constitute legal conclusions to which no response is required.

17.     Deny the allegations set forth in paragraph "17" of the second amended complaint.

18.      Deny the allegations set forth in paragraph "18" of the second amended complaint.

19.     Deny the allegations set forth in paragraph "19" of the second amended complaint.

20.     Deny knowledge or information sufficient  to form a belief as to the truth of the allegations set forth in paragraph "20" of the second amended complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the second amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the second amended complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the second amended complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the second amended complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the second amended complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the second amended complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the second amended complaint.

29.     Admit that NYPD officers encountered a man, who was bleeding, outside of 27 Avenue V in Brooklyn, New York on September 10, 2010, as set forth in paragraph "29" of the second amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the second amended complaint, except admit that on September 10, 2010, NYPD officers asked the man who was bleeding outside of 27 Avenue V in Brooklyn, New York who had assaulted him.

31.     Admit the allegations set forth in paragraph "31" of the second amended complaint.

32.     Admit the allegations set forth in paragraph "32" of the second amended complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the second amended complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the second amended complaint.

35.     Deny the allegations set forth in paragraph "35" of the second amended complaint.

36.     Deny the allegations set forth in paragraph "36" of the second amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the second amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the second amended complaint.

39.     Deny the allegations set forth in paragraph "39" of the second amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the second amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the second amended complaint.

42.     Deny the allegations set forth in paragraph "42" of the second amended complaint.

43.     Deny the allegations set forth in paragraph "43" of the second amended complaint.

44.     Deny the allegations set forth in paragraph "44" of the second amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the second amended complaint.

46.     Deny, except admit that the complainant did enter 27 Avenue V, Brooklyn, NY as set forth in paragraph "46" of the second amended complaint.

47.     Deny the allegations set forth in paragraph "47" of the second amended complaint, except admit that the victim did come into the building for a show-up identification with regard to plaintiff.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the second amended complaint, except admit that the victim stated that plaintiff was not his attacker.

49.     Admit the allegations set forth in paragraph "49" of the second amended complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the second amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the second amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the second amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the second amended complaint.

54.     Deny the allegations set forth in paragraph "54" of the second amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the second amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the second amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the second amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the second amended complaint.

59.     Deny the allegations set forth in paragraph "59" of the second amended complaint.

60.     Deny the allegations set forth in paragraph "60" of the second amended complaint.

61.     Admit the allegations set forth in paragraph "61" of the second amended complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the second amended complaint.

63.     Deny, except admit that plaintiff was asked certain questions as set forth in paragraph "63" of the second amended complaint.

64.     Deny the allegations set forth in paragraph "64" of the second amended complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the second amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the second amended complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the second amended complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the second amended complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the second amended complaint.

70.     Deny, except admit, upon information and belief, that Verkay approached plaintiff as set forth in paragraph "70" of the second amended complaint.

71.     Deny the allegations set forth in paragraph "71" of the second amended complaint.

72.     Deny sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the second amended complaint, except admit that plaintiff was arrested on September 11, 2010.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the second amended complaint.

74.     Deny the allegations set forth in paragraph "74" of the second amended complaint.

75.     Deny the allegations set forth in paragraph "75" of the second amended complaint.

76.     Admit, upon information and belief, the allegations set forth in paragraph "76" of the second amended complaint.

77.     Deny the allegations set forth in paragraph "77" of the second amended complaint, except admit, upon information and belief, that plaintiff was permitted to place his cell phone and wallet inside his apartment.

78.     Admit, upon information and belief, the allegations set forth in paragraph "78" of the second amended complaint.

79.     Deny the allegations set forth in paragraph "79" of the second amended complaint.

80.     Deny the allegations set forth in paragraph "80" of the second amended complaint.

81.     Deny the allegations set forth in paragraph "81" of the second amended complaint, except admit plaintiff was transported to the 60th Precinct on September 11, 2010 .

82.     Deny the allegations set forth in paragraph "82" of the second amended complaint.

83.     Deny the allegations set forth in paragraph "83" of the second amended complaint.

84.     Deny the allegations set forth in paragraph "84" of the second amended complaint.

85.    Deny the allegations set forth in paragraph "85" of the second amended complaint.

86.    Deny the allegations set forth in paragraph "86" of the second amended complaint.

87.    Deny the allegations set forth in paragraph "87" of the second amended complaint.

88.    Deny the allegations set forth in paragraph "88" of the second amended complaint.

89.    Deny the allegations set forth in paragraph "89" of the second amended complaint, except admit that plaintiff was placed in a holding cell.

90.    Admit, upon information and belief, the allegations set forth in paragraph "90" of the second amended complaint.

91.    Admit the allegations set forth in paragraph "91" of the second amended complaint.

92.    Deny the allegations set forth in paragraph "92" of the second amended complaint.

93.    Deny the allegations set forth in paragraph "93" of the second amended complaint.

94.    Deny the allegations set forth in paragraph "94" of the second amended complaint, except admit that plaintiff refused medical attention at the command.

95.    Admit, upon information and belief, the allegations set forth in paragraph "95" of the second amended complaint, except state that plaintiff refused medical attention at the command.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the second amended complaint, except admit that someone brought food to the 60th Precinct for plaintiff and the perpetrator to share.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the second amended complaint.

98.     Deny the allegations set forth in paragraph "98" of the second amended complaint.

99.     Deny the allegations set forth in paragraph "99" of the second amended complaint.

100.    Admit the allegations set forth in paragraph "100" of the second amended complaint.

101.    Deny the allegations set forth in paragraph "101" of the second amended complaint.

102.    Deny the allegations set forth in paragraph "102" of the second amended complaint.

103.    Deny the allegations set forth in paragraph "103" of the second amended complaint.

104.    Deny the allegations set forth in paragraph "104" of the second amended complaint.

105.    Deny the allegations set forth in paragraph "105" of the second amended complaint, except admit, upon information and belief, that plaintiff was released at approximately 10:38am on September 11, 2010.

106.    Admit, upon information and belief, the allegations set forth in paragraph "106" of the second amended complaint.

107.    Deny the allegations set forth in paragraph "107" of the second amended complaint.

108.    Deny the allegations set forth in paragraph "108" of the second amended complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the second amended complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the second amended complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the second amended complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the second amended complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the second amended complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the second amended complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the second amended complaint.

116.    Deny the allegations set forth in paragraph "116" of the second amended complaint.

117.    Deny the allegations set forth in paragraph "117" of the second amended complaint.

118.    In response to the allegations set forth in paragraph "118" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "117" inclusive of its answer, as if fully set forth herein.

119.    Deny the allegations set forth in paragraph "119" of the second amended complaint and all of its subparts.

120.    Deny the allegations set forth in paragraph "120" of the second amended complaint.

121.    In response to the allegations set forth in paragraph "121" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "120" inclusive of its answer, as if fully set forth herein.

122.    Deny the allegations set forth in paragraph "122" of the second amended complaint.

123.    Deny the allegations set forth in paragraph "123" of the second amended complaint.

124.    In response to the allegations set forth in paragraph "124" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "123" inclusive of its answer, as if fully set forth herein.

125.    States that allegations set forth in paragraph "125" of the second amended complaint constitute legal conclusions to which no response is required.

126.    Deny the allegations set forth in paragraph "126" of the second amended complaint.

127.    Deny the allegations set forth in paragraph "127" of the second amended complaint.

128.    Deny the allegations set forth in paragraph "128" of the second amended complaint.

129.    In response to the allegations set forth in paragraph "129" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "128" inclusive of its answer, as if fully set forth herein.

130.    Deny the allegations set forth in paragraph "130" of the second amended complaint.

131.    Deny the allegations set forth in paragraph "131" of the second amended complaint.

132.    Deny the allegations set forth in paragraph "132" of the second amended complaint.

133.    Deny the allegations set forth in paragraph "133" of the second amended complaint, and all of its subparts.

134.    Deny the allegations set forth in paragraph "134" of the second amended complaint, and all of its subparts.

135.    Deny the allegations set forth in paragraph "135" of the second amended complaint, and all of its subparts.

136.    Deny the allegations set forth in paragraph "136" of the second amended complaint, and all of its subparts.

137.    Deny the allegations set forth in paragraph "137" of the second amended complaint.

138.    Deny the allegations set forth in paragraph "138" of the second amended complaint, and all of its subparts.

139.    Deny the allegations set forth in paragraph "139" of the second amended complaint, and all of its subparts.

140.    Deny the allegations set forth in paragraph "140" of the second amended complaint.

141.    Deny the allegations set forth in paragraph "141" of the second amended complaint.

142.    Deny the allegations set forth in paragraph "142" of the second amended complaint.

143.    Deny the allegations set forth in paragraph "143" of the second amended complaint.

144.    Deny the allegations set forth in paragraph "144" of the second amended complaint.

145.    Deny the allegations set forth in paragraph "145" of the second amended complaint.

146.    In response to the allegations set forth in paragraph "146" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "145" inclusive of its answer, as if fully set forth herein.

147.    Deny the allegations set forth in paragraph "147" of the second amended complaint.

148.    Deny the allegations set forth in paragraph "148" of the second amended complaint.

149.    In response to the allegations set forth in paragraph "149" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "148" inclusive of its answer, as if fully set forth herein.

150.    Deny the allegations set forth in paragraph "150" of the second amended complaint.

151.    Deny the allegations set forth in paragraph "151" of the second amended complaint.

152.    In response to the allegations set forth in paragraph "152" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "151" inclusive of its answer, as if fully set forth herein.

153.    Deny the allegations set forth in paragraph "153" of the second amended complaint.

154.    Deny the allegations set forth in paragraph "154" of the second amended complaint.

155.    In response to the allegations set forth in paragraph "155" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "154" inclusive of its answer, as if fully set forth herein.

156.    Deny the allegations set forth in paragraph "156" of the second amended complaint.

157.    Deny the allegations set forth in paragraph "157" of the second amended complaint.

158.    In response to the allegations set forth in paragraph "158" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "157" inclusive of its answer, as if fully set forth herein.

159.    Deny the allegations set forth in paragraph "159" of the second amended complaint.

160.    In response to the allegations set forth in paragraph "160" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "159" inclusive of its answer, as if fully set forth herein.

161.    Deny the allegations set forth in paragraph "161" of the second amended complaint.

162.    Deny the allegations set forth in paragraph "162" of the second amended complaint.

163.    In response to the allegations set forth in paragraph "163" of the second amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "162" inclusive of its answer, as if fully set forth herein.

164.    Deny the allegations set forth in paragraph "164" of the second amended complaint.

165.    Deny the allegations set forth in paragraph "165" of the second amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

166.    The second amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

167.   None of the defendants have violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

168.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of any defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

169.   Plaintiff may have failed to comply with conditions precedent to suit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

170.   Defendants Healy, Kalil, and Anticev  have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

171.   There was probable cause for plaintiff's arrest, detention, and any prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

172.   Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

173.  Plaintiff has failed to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

174.   Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

**WHEREFORE,** defendants Healy, Anticev, and Kalil request judgment dismissing the second amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             January 11, 2012

                                Michael A. Cardozo
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants*
                                100 Church Street Rm. 3-200
                                New York, New York 10007

                                By:                    /s/
                                            Suzanna Publicker
                                            Assistant Corporation Counsel

To:      Mr. David B. Rankin (By ECF)
            *Attorney for Plaintiff*
            Law Office of Rankin & Taylor
            350 Broadway, Suite 700
            New York, New York 10013

Index No.: 11-CV-0892 (FB)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN GAD ALLA,

                                                              Plaintiff,


                            -AGAINST-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") BRIAN VERKAY (Shield
No. 2055), P.O. TANISHA DORSON (Shield No.
03481), LIEUTENANT JOHN GANLEY, SERGEANT
("SGT.") DOMAGOJ ANTICEV (Shield No. 14), P.O.
ANSARI KALIL (Shield No. 11189), SERGEANT
PATRICK HEALY, P.O.  JOHN DOE 1 through JOHN
DOE 5 (the name John Doe being fictitious, as their true
names and shield numbers are presently unknown), in
their individual and official capacities,

                                                              Defendants.


**ANSWER TO THE SECOND AMENDED
COMPLAINT ON BEHALF OF DEFENDANTS
HEALY, ANTICEV, AND KALIL**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*


*Of Counsel: Suzanna Publicker*
*Tel:  (212) 788-1103*
*NYCLIS No. 2011-005703*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................................,2012*

*...........................................................................Esq.*

*Attorney for ..................................................................*