UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN GAD ALLA,

                      Plaintiff,                    MEMORANDUM
                                                  AND ORDER

        -against-                            11-CV- 892 (FB)

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

      In a letter dated March 29, 2012, defendants request an order directing plaintiff to produce the underlying data and facts relating to the report of plaintiff's psychological expert, Dr. Ann Winston.  See Letter Motion to Compel Disclosure of Expert Data (Mar. 29, 2012) ("Def. Motion"), Electronic Case Filing Document Entry ("DE") #62.  More specifically, defendants seek Dr. Winton's "questionnaire and scoring and any other underlying data from the [Clinician Administered PTSD Scale ("CAPS")] test and the test results and interpretative reports from the MMPI-2, IVA+Plus, and GAMA testing . . . ."  Response in Opposition (Apr. 3, 2012) ("Def. Reply") at 2, DE #66.  Alternatively, to the extent that Dr. Winton does not have and never had such data, defendants request an affidavit from Dr. Winton to that effect.  See id.  For the reasons that follow, defendants' motion is granted.

      Plaintiff raises several arguments in opposition to defendants' motion to compel.  First, plaintiff claims that the CAPS questions "were used as a guided questionnaire and not actually scored and complied [sic] into a report. . . ."  Response in Opposition (Apr. 2, 2012) ("Pl. Opp.") at 1, DE #65.  As defendants correctly note, they are nonetheless entitled to the

questionnaire used by Dr. Winton, and to any notes taken or made by her.  See Def. Reply at 2.  Plaintiff does not dispute that the CAPS test and other psychometric testing conducted by her were listed in the "Material Reviewed" section of Dr. Winston's expert report.  See Def. Reply at 2.  Consequently, the CAPS questionnaire and scoring and any other underlying data and/or notes from the CAPS or other psychometric test conducted and/or "[r]eviewed" by her all are discoverable as constituting "the facts or data considered by the witness in forming" her expert opinion.  Fed. R. Civ. P. 26(a)(2)(B)(ii); see also Fed. R. Civ. P. 26 advisory committee's note (2010) (stating that the "facts and data" disclosure obligation should be "interpreted broadly to require disclosure of any material considered by the expert . . . in forming the opinions to be expressed, not only those relied upon by the expert").  That defendants may be able "to get any and all data or responses they need directly from the plaintiff" or from deposing Dr. Winton (Pl. Opp. at 2) is no substitute for the production of the (presumably contemporaneous) notes and other materials by Dr. Winton.

For the foregoing reasons, defendants' motion to compel is granted in its entirety.  Plaintiff is directed to produce, by April 27, 2012, all the materials demanded by defendants, including an affidavit from Dr. Winton as to those items that she claims she never possessed.

The deadline for defendants to serve their expert disclosure is extended to May 9, 2012.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 23, 2012

                                        ROANNE L. MANN
                                        **UNITED STATES MAGISTRATE JUDGE**